418

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.

**In the Matter of Caroline E. SLADESKI, Respondent.**

**No. 49S00–1505–DI–270.**

Supreme Court of Indiana.

April 8, 2016.

Published Order Converting Suspension for Noncooperation with the Disciplinary Process to Indefinite Suspension

On August 14, 2015, pursuant to Indiana Admission and Discipline Rule 23(10)(f), this Court suspended Respondent from the practice of law in this State for failing to cooperate with the Indiana Supreme Court Disciplinary Commission concerning a grievance, **No. 15–1027,** filed against Respondent. The Commission has now moved to convert Respondent's suspension to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4).

The Court finds that more than six months have passed since Respondent was suspended due to noncooperation with the disciplinary process. Accordingly, the Court concludes that Respondent's suspension should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4).

IT IS THEREFORE ORDERED that Respondent's current suspension from the practice of law for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). To be readmitted to the practice of law in this State, Respondent must cure the causes of all suspensions in effect and successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23(4) and (18).

All Justices concur.

**In re Failure to Satisfy Costs in Lawyer Discipline Case of Ralph W. STAPLES, Respondent.**

**No. 53S00–1408–DI–548.**

Supreme Court of Indiana.

May 11, 2016.

Published Order Reinstating Respondent to the Practice of Law

On February 26, 2016, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in a disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to

suspension under Admission and Discipline Rule 2(h).

On May 6, 2016, this Court entered an order suspending Respondent from the practice of law in Indiana, effective ten days after the order was entered. Respondent now files a petition for reinstatement, reporting that he has paid in full the amount owed in unpaid costs and the $200 reinstatement fee owed under Admission and Discipline Rules 2(h)(5) and 23(10)(f)(5).

Being duly advised, the Court GRANTS the petition. If Respondent's suspension has taken effect before the date of this order, Respondent is hereby reinstated to the practice of law in Indiana effective immediately.

■

**In re Failure to Satisfy Costs in Lawyer Discipline Case of Bryan S. SKILLMAN, Respondent.**

**No. 84S00–1409–DI–586.**

Supreme Court of Indiana.

May 12, 2016.

**Published Order Reinstating Respondent to the Practice of Law**

On February 26, 2016, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings under Indiana Admission and Discipline Rule 23," asserting that Respondent failed to pay costs assessed in a disciplinary action by the due date of the attorney's annual registration fee (October 1), in violation of the requirements of Indiana Admission and Discipline Rules 23(10)(f)(5) or 23(16), and Respondent is therefore subject to suspension under Admission and Discipline Rule 2(h).

On May 6, 2016, this Court entered an order suspending Respondent from the practice of law in Indiana, effective ten days after the order was entered. Respondent now files a. petition for reinstatement, reporting that he has paid in full the amount owed in unpaid costs and the $200 reinstatement fee owed under Admission and Discipline Rules 2(h)(5) and 23(10)(f)(5).

Being duly advised, the Court GRANTS the petition. If Respondent's suspension has taken effect before the date of this order, Respondent is hereby reinstated to the practice of law in Indiana effective immediately.

■

**In re Failure to Satisfy Costs in Lawyer Discipline Case of Hilary B. RICKS, Respondent.**

**No. 49S00–1507–DI–416.**

Supreme Court of Indiana.

May 12, 2016.

**Published Order Reinstating Respondent to the Practice of Law**

On February 26, 2016, the Indiana Supreme Court Disciplinary Commission filed a "Petition for Suspension of Attorney for Failure to Satisfy Costs Ordered in Connection with Certain Proceedings un-